**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Tiffany C. Tyner, | ) | No. CV 19-489-TUC-LAB |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

Pending before the court is the plaintiff's counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1), filed on April 27, 2021. (Doc. 30)

The plaintiff filed this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). In an order issued on July 23, 2020, this court reversed the Commissioner's final decision and remanded the case for payment of benefits. On October 22, 2020, this court granted the plaintiff's motion for attorney's fees in the amount of $5,776.80 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. 29) In the pending motion, the plaintiff's counsel moves for an order allowing him 25 percent of the claimant's past-due benefit award pursuant to their contingent-fee agreement, less the amount already awarded under the EAJA. The Commissioner filed a response to the motion analyzing the fee but taking no position on the reasonableness of the request.

Magistrate Judge Leslie A. Bowman presides over this action pursuant to 28 U.S.C. § 636(c). (Doc. 13)

Discussion

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817 (2002), the Supreme Court considered the interplay between social security contingent-fee agreements and the dictates of 42 U.S.C.A. § 406(b)(1)(A), which reads in pertinent part as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C.A. § 406(b)(1)(A); see also 42 U.S.C. § 1383(d)(2)(A) (incorporating the provisions of section 406)

The Court held "that § 406(b) does not displace contingent-fee agreements." *Id*. at 808, 1829. "[I]nstead, §406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*. at 809, 1829.

When considering a fee request, the court should start with the agreement and then test it for reasonableness. *Id*. at 808, 1828. Recovery may be reduced because of the quality of the representation, because of unreasonable delay, or because "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.*

In the pending motion, counsel moves for an award of $8,944.25, which is 25% of the claimant's past-due benefits in accordance with the contingent-fee agreement. (Doc. 30-1, p. 2) He asserts he and his paralegal spent 33.9 hours total on the case, 25.1 hours of attorney time and 8.8 hours of paralegal time, resulting an effective hourly rate of $100 for paralegal time and $321.28 for attorney time. (Doc. 30-1, p. 3)

Upon review of the case file, the court finds that counsel's prosecution of this action fell within the broad range of competent representation. The court finds no reason to reduce the award based on the quality of the representation. Neither did counsel engage in unreasonable

1  delay. The court notes that the Ninth Circuit has approved effective hourly rates of $519, $875,
2  and $902 without finding that they are unreasonable. *See Crawford v. Astrue*, 586 F.3d 1142,
3  1153 (9th Cir. 2009) (Clifton, J., concurring in part and dissenting in part). Counsel in this
4  action asks for an effective hourly rate of only $321.28. Accordingly,

6  IT IS ORDERED that the plaintiff's counsel's motion for attorney's fees pursuant to 42
7  U.S.C. § 406(b)(1), filed on April 27, 2021 is GRANTED. (Doc. 30) Counsel is awarded
8  $8,944.25 less the $5,776.80 previously awarded pursuant to the Equal Access to Justice Act
9  (EAJA) resulting in a net award of $3,167.45.
10 The check for attorney's fees, expenses, and costs shall be made payable to Plaintiff's
11 attorney, Edward A. Wicklund at the following address:

   250 S. Clinton St.
   Suite 210
   Syracuse, NY 13202

DATED this 10th day of May, 2021.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge